FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBIE DYER-THEIS,<br><br>    Plaintiff,<br><br>    v.<br><br>PEND OREILLE COUNTY PUBLIC HOSPITAL DISTRICT NO. 1 d/b/a NEWPORT COMMUNITY HOSPITAL; JONATHAN LUEDERS; NATHANIAL LILYA, and UNKNOWN JANE or JOHN DOES,<br><br>    Defendants. | NO. 2:24-CV-00002-SAB<br><br>**STIPULATED PROTECTIVE ORDER** |

Before the Court is the parties' Stipulated Motion Regarding Protective Order, ECF No. 17. The motion was heard without oral argument. Plaintiff is represented by Robert N. Gellatly, Mark D. Kamitomo, and John A. Gellatly. Defendants are represented by Markus Louvier and Abby Miller.

The parties ask the Court to enter a Protective Order that covers protected health information. Good cause exists to grant the motion.

Accordingly, **IT IS ORDERED:**

1. The parties' Stipulated Motion Regarding Protective Order, ECF No. 17, is **GRANTED**.

**STIPULATED PROTECTIVE ORDER** ~ 1

    2. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, privacy regulations adopted pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. §164.512(e)(1), and the Washington Health Care Information Act, Wash. Rev. Code ch. 70.02, the Court enters the following Qualified Protective order:

1) The parties and their attorneys, and any future parties and their attorneys, in the above-captioned litigation are hereby authorized to receive, subpoena and transmit "protected heath information" pertaining to Plaintiff to the extent and subject to the conditions outlined herein. This protective order applies to all records, including those previously produced by Plaintiff or otherwise obtained by Defendant(s).

2) For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. §§160.103 and 164.501 and Wash. Rev. Code §70.02.010(17). Protected health information includes, but is not limited to, health information, including demographic information relating to either: (a) the past, present, or future physical or mental condition of an individual; (b) the provision of care to an individual; or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3) The parties and their attorneys shall be permitted to use or disclose the protected health information of Plaintiff for purposes of prosecuting or defending this action, including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

4) Prior to disclosing Plaintiff's protected health information to persons involved in this litigation, counsel shall inform each such person that Plaintiff's protected health information may not be used or disclosed for any purpose other than this litigation and provide a copy of this order. For protected health information disclosed prior to execution of this order, counsel shall inform each person who has received the

**STIPULATED PROTECTIVE ORDER** ~ 2

information that this order applies to that information and provide a copy of the order to each such person. Counsel and all persons receiving protected health information prior to this order shall not be deemed in violation of the order for having provided and receiving such information before the order was executed.

Counsel shall take all other reasonable steps to ensure that persons receiving Plaintiff's protected health information do not use or disclose such information for any purpose other than this litigation.

5) Within 45 days after the conclusion of the litigation, including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return Plaintiff's protected health information to the covered entity or destroy any and all copies of protected health information pertaining to Plaintiff, except that one copy may be maintained in the attorneys' file and counsel are not required to secure the return or destruction of protected health information submitted to the court.

6) Nothing in this Order authorizes counsel for Defendant(s) to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization. Defendants shall not engage in direct or indirect (e.g., through counsel, adjusters, or risk managers) ex parte contact with Plaintiff's current or former treating health care providers, including Heather Sly-Haley and Allies in Hope Counseling, LLC.

//
//
//
//
//
//
//
//
//

**STIPULATED PROTECTIVE ORDER** ~ 3

7) This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file Plaintiff's protected health information.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 30th day of October 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**STIPULATED PROTECTIVE ORDER** ~ 4